999 So.2d 1136 (2009)
STATE ex rel. Charles WILLIAMS
v.
STATE of Louisiana.
No. 2008-KH-1059.
Supreme Court of Louisiana.
February 6, 2009.
PER CURIAM.
Granted. Upon finding that the trial judge lacked the authority to suspend relator's sentence for manslaughter and to place him on probation, the court of appeal vacated the sentence imposed and remanded for resentencing consistent with the terms of La.C.Cr.P. art. 893(A); La. R.S. 14:2(B)(4); and La. R.S. 14:31(B). State v. Williams, 43,510 (La.App. 2nd Cir.4/16/08). The court of appeal otherwise denied relator's request for a new trial. However, a transcript of the plea colloquy shows that relator entered his guilty plea with the understanding of all parties that he would receive a suspended sentence and probation. Accordingly, before resentencing relator in compliance with the court of appeal's order, the district court shall first provide relator with the opportunity of withdrawing his guilty plea and of pleading anew. See State v. Galliano, 396 So.2d 1288, 1291 (La.1981)(court allows withdrawal of guilty plea when plea bargain based on "the belief on the part of all persons involved in the colloquy" that the judge could impose a suspended sentence when in fact he could not); La.C.C. art. 1948 (error vitiates consent); La.C.C. art. 1949 cmt. (d)(recission appropriate in cases of mutual mistake).